UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONEALE FEAZELL,<br><br>                    Petitioner,<br>v.<br><br>RENEE BAKER, *et al.*,<br><br>                    Respondents. | Case No. 3:16-cv-00313-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases as well as on petitioner's motion to file a longer than normal petition and motion for appointment of counsel. (Currently attachments to ECF No. 1.) The filing fee has been paid.

**I.    BACKGROUND**

Petitioner Doneale Feazell challenges his Nevada state conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and attempted robbery with the use of a deadly weapon. Petitioner originally was sentenced to death, but he ultimately was sentenced to consecutive sentences of life without the possibility of parole. State court proceedings leading to or relating to petitioner's conviction and sentence were pending almost continuously over a 23-year period from early 1993 through early 2016.[1]

---

[1] The preliminary procedural review outlined herein is based upon review of the available state court online docket records together with the available materials currently on file. The Court makes no findings of fact either as to the state court procedural history or other factual matters in the case, and the statements herein are subject to a later more comprehensive review based upon a more complete record.

The Supreme Court of Nevada affirmed petitioner's original judgment of conviction on November 30, 1995. *Feazell v. State*, 906 P.2d 727 (1995). It does not appear that petitioner sought *certiorari* review in the United States Supreme Court.

The Antiterrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996. The one-year limitation period in 28 U.S.C. § 2244(d) began running after this date as to convictions that had become final prior to this date, absent tolling, delayed accrual, or other considerations.[2]

It appears that petitioner filed a timely state post-conviction petition on October 16, 1996.[3] A total of 174 days elapsed between the April 24, 1996, effective date of AEDPA and the date of filing, not including either date in the count.

Thereafter, on November 14, 2002, on appeal from the denial of state post-conviction relief, the Supreme Court of Nevada vacated petitioner's death sentence and remanded for a new penalty hearing. On remand, petitioner ultimately was sentenced on March 5, 2009, to two consecutive sentences of life without the possibility of parole. The Supreme Court of Nevada affirmed the second judgment of conviction on a second direct appeal on September 9, 2010, with the remittitur issuing on October 4, 2010.

As of that point, it appears that state proceedings subsequent to the initial direct review proceedings had been pending in one form or another continuously from October 16, 1996, through October 4, 2010.

With regard specifically to the potential running of the federal limitation period, the time to file a petition for *certiorari* review in the United States Supreme Court following the order of affirmance on the second direct appeal expired on December 8, 2010.

///

///

---

[2] *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). Given the later proceedings in petitioner's case, the Court expresses no opinion on initial review as to whether the federal limitation period ran in his case with respect to the current federal petition during otherwise untolled time immediately following April 24, 1996.

[3] *See* ECF No. 1-1 at 4. All page record citations herein are to the electronic docket page number in the header, unless otherwise indicated.

A copy of a procedural recital from a state court filing included within the federal petition indicates the following. An attorney who had represented petitioner at the second penalty hearing and perhaps other prior proceedings filed a second state post-conviction petition on October 4, 2011. This date — one year from the issuance of the remittitur on the second direct appeal — likely represented the last possible date to file a timely state post-conviction petition following the appeal. The petition alleged ineffective assistance of counsel by the filing attorney, and she moved shortly thereafter to withdraw as counsel and for the appointment of conflict-free counsel. The state district court ultimately granted counsel's motions and allowed the petition to proceed over the State's objection.[4]

A total of 299 days elapsed between the December 8, 2010, expiration of the time to seek *certiorari* review and the October 4, 2011, filing of the second state petition, excluding both dates from the count.

Proceedings were pending continuously on the second state petition in the district court and thereafter the state supreme court through to the February 9, 2016, issuance of the remittitur concluding the appeal from the denial of state post-conviction relief.

After 113 days had elapsed following the issuance of the remittitur, on or about June 2, 2016, petitioner mailed the federal petition to the Clerk of this Court for filing.

## II.    MOTION FOR APPOINTMENT OF COUNSEL

The Court finds that the interests of justice require the appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). The Court finds that the interests of justice warrant such appointment given: (a) the consecutive sentences of life without the possibility of parole; (b) the likely complexity of the procedural and substantive issues in a case that has been litigated in the state courts nearly continuously for over 23 years, with the case being litigated as a capital murder case for approximately 16 of those years; and (c) in particular, the potentially complex legal and factual issues attending the application of the federal limitation period in this case, including, *inter alia*, (i) potential

---

[4] *See* ECF No. 1-1 at 5. The statements of fact herein, again, are preliminary and subject to a comprehensive review on a more complete record.

issues regarding the running of the limitation period during the interim following the first direct appeal and AEDPA's effective date, given the subsequent proceedings; and (ii) possible issues relating to whether petitioner had adequate, conflict-free representation in the period following the second direct appeal.

The Court further finds based upon the financial attachments submitted with the pauper application that, while the application was denied, petitioner nonetheless is financially eligible for the appointment of counsel. The Court reserves the option, however, based upon said materials, of potentially requiring petitioner to contribute to the costs of his representation pursuant to § 3006A(f). *See* ECF No. 5. Respondents will be directed to submit a periodic status report with a copy of petitioner's inmate account statement for the prior six months. *Cf. United States v. Waldron*, No. 07-10117, at **2 (9th Cir., Mar. 14, 2008) (contribution appropriate also where representation is by the Federal Public Defender); *Ybarra v. Wolff*, 571 F.Supp. 209 (D. Nev. 1983) (government counsel generally should conduct the initial investigation and presentation regarding the petitioner's potential financial resources).

### III.   CONCLUSION

It is therefore ordered that petitioner's motion to file a longer than normal petition is granted, the Clerk of Court will file the petition and motion, and the Clerk will reflect the grant of the motion by this order.[5]

It is further ordered that petitioner's motion for appointment of counsel is granted and the Clerk will both file the motion and reflect the grant of the motion by this order. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner

---

[5]The filing of the petition does not signify that the petition is free of deficiencies. The Court simply is directing the filing of the original *pro se* petition as a ministerial matter in anticipation of the filing of a counseled amended petition.

or to indicate the office's inability to represent petitioner. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. Based upon the initial review conducted, the Court anticipates setting the deadline for approximately one hundred fifty (150) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.

It is further ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk add state attorney general Adam P. Laxalt as counsel for respondents and make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel will enter a notice of appearance within twenty-one (21) days of entry of this order.

It is further ordered that respondents, until further order, must file, at successive one hundred eighty (180) day intervals following the notice of appearance, a status report with a copy of petitioner's inmate account statement for the prior six months. Respondents may accompany the status report with a motion regarding potential contribution to defense costs if they so choose. No further response will be required from respondents until further order.

The Clerk will send a copy of this order to the *pro se* petitioner (along with a copy of the papers that he submitted), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division. The Clerk further will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 27th day of December 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE